**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> v. <br> ERIK DAVID HANKS, <br> Defendant. | Case No. 16-cr-00400-BLF-1 <br><br> **ORDER RE BENCH TRIAL ON STIPULATED FACTS** |

Defendant Erik David Hanks is charged in a single-count indictment with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). *See* Indictment, ECF 4. On August 9, 2018, the Court denied Defendant's motion to suppress evidence seized from his person and his vehicle on August 25, 2016. *See* Order Denying Motion to Suppress, ECF 60. The seized evidence included the firearms he is charged with possessing. *See id.*

Following the ruling on the suppression motion, the parties then filed a joint request to proceed by means of a stipulated facts bench trial, which request was approved by the Court on October 12, 2018. *See* Stipulation and Order, ECF 65. The parties filed Joint Stipulations and Waivers for Bench Trial on November 28, 2018. *See* Joint Stipulations and Waivers, ECF 66. The Court conducted the stipulated facts bench trial on December 4, 2018.

For the reasons set forth below, the Court hereby finds that the stipulated facts establish Defendant's guilt of the charged offense beyond a reasonable doubt. The Court therefore finds Defendant GUILTY of Count 1 of the Indictment, charging Defendant with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

## I. WAIVER OF RIGHTS

At the start of the hearing, the Court engaged in a colloquy with Defendant to ensure that he understood the rights he waived by agreeing to a stipulated facts bench trial. The Court confirmed with Defendant that he had seen the Indictment and discussed the charge with his attorney, and that Defendant was satisfied with his attorney's representation. The Court also explained in detail Defendant's right to a jury trial, including the rights to confront and cross-examine witnesses, to testify (or decline to testify) and present evidence, and to a unanimous jury verdict. Defendant stated that he understood and waived those rights. The Court finds that Defendant's waiver of rights was voluntary, knowing, and intelligent.

The Court informed Defendant that he had not waived his right to appeal the Court's denial of his motion to suppress evidence. Defendant's right to appeal the denial of the suppression motion is expressly preserved in the parties' Joint Stipulations and Waivers for Bench Trial. *See* Joint Stipulations and Waivers at 2, ECF 66.

## II. STIPULATED FACTS

The Court requested that the Government's counsel read the stipulated facts into the record. The Court noted that the Joint Stipulations and Waivers for Bench Trial filed on November 28, 2018 indicated Defendant's agreement only by means of an electronic signature ("/s/ Erik David Hanks"). *See* Joint Stipulations and Waivers at 4, ECF 66. The Court requested that Defendant sign a copy of the Joint Stipulations and Waivers for Bench Trial by hand, which he did in open court.

The Government's counsel then read the following stipulated facts into the record, which the Court accepts and adopts:

(1) The elements of the charged offense, being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), are as follows: the defendant knowingly possessed a firearm; the firearm had been shipped or transported from one state to another or between a foreign nation and the United States; and at the time the defendant possessed the firearm, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year.

(2) At approximately 4:03 a.m. on August 25, 2016, San Jose Police Officers searched

1  Defendant and his vehicle at the Shell gas station located at 2180 Monterey Road, San Jose,
2  California.

3  (3)  During the search of the vehicle, officers discovered a loaded Mossberg 12-gauge shotgun bearing serial number V0326328, a loaded Charter Arms .38 caliber revolver bearing serial number 12-06998, a loaded Rohm .38 caliber revolver with an obliterated serial number, and various ammunition, including eleven 12-gauge shotgun shells and thirty-three .38 caliber rounds.

(4)  Defendant knowingly possessed the firearms and ammunition discovered in his vehicle on August 25, 2016.

(5)  Each of the firearms identified above had been shipped or transported from one state to another or between a foreign nation and the United States prior to their discovery in Defendant's vehicle.

(6)  Prior to August 25, 2016, Defendant had been convicted of the felony offense of Aggravated Assault in violation of California Penal Code Section 245(a)(1), which is a crime punishable by imprisonment for a term exceeding one year. Accordingly, at the time of the events described above, it was unlawful under Title 18, United States Code, Section 922(g)(1), for Defendant to possess any firearms or ammunition.

### III. COURT'S DETERMINATION OF GUILT

The Court finds, beyond a reasonable doubt, that these facts prove each element of the charged offense and that Defendant is GUILTY of Count 1 of the Indictment, charging Defendant with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

Dated: December 4, 2018

_____
BETH LABSON FREEMAN
United States District Judge

3